# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:15CR247 |
| vs. | ) | ORDER and |
| EDWARD DAVIS, | ) | FINDINGS AND |
| Defendant. | ) | RECOMMENDATION |

This matter is before the court on the motion to suppress (Filing No. 67) filed by Edward Davis (Davis). Davis is jointly charged with codefendants Jaquan D. Washington and Blayne L. McCroy in the Indictment with the armed robbery of the Bank of the West, 8707 West Center Road, in Omaha, Nebraska, on November 20, 2014 (Count I). They are also jointly charged with the brandishing and discharge of a firearm during a bank robbery in violation of 18 U.S.C. § 924(c)(1)(A) (Count II). Davis seeks to suppress evidence seized by law enforcement officers from Davis' residence at a duplex located at 1816 North 17th Street, #202, Omaha, Nebraska, and from a white Chevy Malibu vehicle parked outside of the duplex and a garage in an outbuilding next the duplex on November 20, 2014, pursuant to search warrants issued by a judge of the County Court of Douglas County, Nebraska. Davis also sought a hearing pursuant to ***Franks v. Delaware***, 438 U.S. 154 (1978).

The court held a evidentiary hearing on the motion on December 15, 2015. Davis was present with his counsel, Joseph L. Howard. The United States was represented by Assistant U.S. Attorney Susan T. Lehr. The court heard the testimony of Officer Jeffrey Gassaway (Officer Gassaway) of the Omaha Police Department (OPD). The court received into evidence an Affidavit and Application for Issuance of a Search Warrant (Exhibit 1) and permitted the filing of a Search Warrant Return (Exhibit 2) following the hearing. The government filed a post-hearing brief (Filing No. 89) on December 23, 2015, together with a certified copy of a Affidavit and Application for a Search Warrant, a Search Warrant and Return for a garage and Chevy Malibu connected with 1816 North 17th Street (Filing No. 91 - Restricted). Davis filed a reply brief (Filing No. 93) on January 4, 2016. The government was allowed until January 7, 2016, in which to file a response, but did not.

On November 20, 2014, Officer Gassaway applied for the issuance of a search warrant for the premises located at 1816 North 17th Street, #202, in Omaha, Nebraska (Exhibit 1). Officer Gassaway's supporting affidavit set forth the investigation of the Safe Streets Task Force (SSTF), composed of officers of the OPD and the Federal Bureau of Investigation (FBI), into a series of bank robberies and a jewelry store in the Omaha area. Based on crime scene investigation, arrestee interviews, interviews of persons of interest, jail cell monitoring and confidential informant interviews, the SSTF developed information that several street gangs were responsible for the robberies. The SSTF developed information that Washington and Davis were coconspirators in these gangs. Vehicles connected to the girlfriends of Washington and Davis were connected to get-away vehicles from several of the robberies. Following court-authorized installation of tracking devices for the vehicles in question, the SSTF was able to conduct surveillance of the vehicles, occupants of the vehicles, and residences where such vehicles were parked. Davis was among suspects arrested after a police chase on November 20, 2014, involving a home invasion following a bank robbery in which the vehicles were involved. Morgan Reinders was apprehended driving one of the vehicles and is listed as controlling the property at 1816 North 17th Street, #202, where the vehicles were occasionally parked.

The application attached numerous surveillance photos and police bulletins as Attachment A (Exhibit 1). The application sought a search warrant for items depicted in Attachment A as well as:

> money and or coins, handguns, rifles, companion equipment to include ammunition, bags, computers and cell phones, clothing items, venue items or other items which would be used or logically associated with a Bank Robbery.

Exhibit 1 - Aff. p. 1. Officer Gassaway prepared a search warrant for the county judge to sign. The search warrant sought to search the premises at:

> 1816 North 17th Street, #202, AND/OR the person of Morgan Reinders, who resides or is in control of the afore described premises, the following describes property, to wit:
> ***1816 North 17th Street, #202, is a multifamily duplex, tan in color located on the top floor on the south side bearing the numbers 202 on the right of the front door***.

2

Exhibits 1 and 2 (emphasis added). The judge signed the warrant and officers of the SSTF executed the warrant on January 20, 2014. The Application and Affidavit was not attached to the search warrant. Officers of the SSTF executed the search warrant at 1816 North 17th Street, #202, on November 20, 2014, seized the items described in Nos. 1-19, left a copy of the warrant and return at the scene, and exited the premises at 1940 hours (Exhibit 2). During the hearing, the court requested a completed search warrant with return be filed (TR. 29). Subsequent to the hearing, the government submitted as Exhibit 2, a certified copy of a Seal Order from the District Court of Douglas County, Nebraska, and an Application and Affidavit for a Search Warrant, a Search Warrant and a Return.

As part of the post-hearing briefing, the government submitted a certified copy of an Application and Affidavit For Issuance Of A Search Warrant, a Search Warrant, and an inventory return for a garage and Chevy Malibu associated with 1816 North 17th Street (Filing No. 91 - Restricted). This Application and Affidavit parroted most of the information in the Application and Affidavit found in Exhibit 2 including the reference to Attachment A but without attaching the 32 pages of photographs, and added the following:

> Based upon the surveillance of Davis, Washington, Reinders, the Dodge Durango bearing (NB)TTA974, and locating the Dodge Avenger bearing (NB)TFX315, linking them to the address of 1816 North 17th, #202, Omaha, Nebraska. Surveillance also located a garage to the west of the complex accessed by Davis. This garage is the farthest north garage door in the outbuilding. Your affiant is aware <u>this door was discovered after a key located in 1816 North 17th Street, #202</u>. The key located fit the lock for the suspect garage door.

Filing No. 91 - Restricted (emphasis added). Apparently, the key to the garage described above was found during the execution of the search of warrant for 1816 North 17th Street, #202, although it is not specifically noted in the inventory in Exhibit 2. Three items, a white T-shirt, a black Carhart coat, and a US Cellular bill to Edward Davis are noted in the inventory as part of the search warrant return. The search warrant described the property to be seized as:

> 1816 North 17th Street, a multifamily duplex, tan in color having an outbuilding just west, tan in color with several garages. This garage is the furthest north garage door, to the

     west of the duplex; to include a white Chevy Malibu bearing
     (NB) RTB932 parked in the west parking lot.

Filing No. 91 - Restricted. The Application and Affidavit was not attached to the search warrant. The Search Warrant did note: "based upon the sworn affidavit and application for issuance of a search warrant of Jeffrey Gassaway dated the 20 date [sic] of November, 2014."

  During the hearing, Officer Gassaway testified he believed Davis was staying at 1816 North 17th Street, #202, and it was his primary residence (TR. 23-24). The court finds Davis has standing to object with respect to the search of 1816 North 17th Street, #202 (TR. 26).

  While the government gratuitously concedes the defectiveness of the warrant and the suppression of evidence found in the Chevy Malibu and the garage, i.e., a white T-shirt, the Carhart coat, and cellular phone bill as noted in the inventory (Filing No. 91 p. 8 - Inventory Items 1-3), in its supplemental response (Filing No. 89 - Response p. 2), there was no testimony or other evidence to establish Davis had any interest in the white Chevy Malibu bearing (NB) RTB932 or the garage which were the subjects of the second search warrant. In fact, such subjects were not part of Davis' motion to suppress (Filing No. 7). Thus he has no standing to object to the search of the Chevy Malibu and garage.

  In both search warrants, the drafter mistakenly inserted the address description as items to be seized rather than specifically describing the items to be seized. The issuing judge signed each warrant as drafted and presented. As such, both warrants are deficient in that neither specify the items to be seized but rather describe the property to be searched. In the first search warrant for the residence at 1816 North 17th Street, #202, the Application and Affidavit referenced an Attachment A which consists of 32 pages of surveillance photographs. Apparently the photographs were attached to depict items of clothing or objects which were to be seized if found in the premises. Attachment A was not attached to the Search Warrant nor was the Application and Affidavit attached to the Search Warrant (Exhibit 2). The Search Warrant, however, contains the language "based on the sworn affidavit and application of issuance of a search warrant of Jeffrey Gassaway dated the 20 date [sic] of November, 2014" with no further description of items to be seized apart from the description of the premises. Both the drafter of the search warrant and the

issuing judge did not detect this defect. Davis argues this defect makes the search warrant a general warrant prohibited by the Fourth Amendment and anything seized pursuant to the search warrant should be suppressed under the exclusionary rule.

In **Groh v. Ramirez**, 540 U.S. 551 (2004), a **Bivens**[1] case, the Supreme Court was faced with the execution of a search warrant wherein the search warrant application and affidavit sought to search for and seize specified weapons, explosives, and records while the warrant form, which accompanied the application and affidavit, did not identify any of the items to be seized but instead described the house to be searched. The application and affidavit were not attached to the warrant nor did the warrant incorporate by reference the itemized list in the application. The Supreme Court found:

> The warrant was plainly invalid. The Fourth Amendment states unambiguously that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and **particularly describing the place to be searched**, and the **persons or things to be seized**".

**Groh**, 540 U.S. at 557 (emphasis added). The Court found the specification of the items to be seized in the application and affidavit did not salvage the facial invalidity of the warrant. Further argument, that the search was nevertheless "reasonable" within the Fourth Amendment, was unavailing to the Court which found the warrant was so obviously deficient that the search was, in effect, warrantless. **Id.**

In **United States v. Gamboa**, 439 F.3d 796, 807 (8th Cir. 2006), the Eighth Circuit found the particularity requirement of the Fourth Amendment can be satisfied if the affidavit is incorporated or attached to the search warrant. In **United States v. Hamilton**, 591 F.3d 1017 (8th Cir. 2010), the Eighth Circuit skirted the issue of what language in a search warrant constituted an incorporated affidavit to meet the particularity requirement by focusing on the issue of what facts support the imposition of the exclusionary rule. "Not every Fourth Amendment violation results in the exclusion of the evidence obtained pursuant to a defective search warrant." **Hamilton**, 591 F.3d at 1027 (**citing Herring v. United States**, 555 U.S. 135, 140 (2009)). Finding the officer in **Hamilton** who prepared the affidavit and the search warrant had inadvertently omitted the list of items to be seized from the face of the warrant

---

[1] **Bivens v. Six Unknown Fed. Narcotics Agents**, 403 U.S. 388 (1971).

and executed the search warrant in seizing those items set forth in the supporting affidavit, the Eighth Circuit declined to suppress the evidence. Citing **United States v. Watson**, 439 F.3d 429, 434 (6th Cir. 2007), the Eighth Circuit found in **Hamilton** that suppression of evidence is not warranted to deter police conduct "'that can be characterized as a minor, unintentional drafting oversight' unnoticed by either the drafting officer or the issuing judicial commissioner." **Hamilton**, 591 F.3d at 1029.

Accordingly, in this case, the court must focus on whether the items to be seized were adequately referenced in the warrant and whether the search was, nevertheless, reasonable under the Fourth Amendment to escape the imposition of the exclusionary rule. Much of Davis' post-hearing brief is addressed to Attachment A of the application and affidavit of Officer Gassaway. It appears the photos and police bulletins were attached so as to depict what clothing and firearms were used in the robberies rather than suggest the searching officers could search for unspecified items turning the search into a general search. The Affidavit and Application seems limited by the phrase which follows the inclusion of Attachment A:

> money and or coins, handguns, rifles, companion equipment to include ammunition, bags, computers and cell phones, clothing items, venue items or other items which would be used or logically associated with a Bank Robbery.

The attachment narrows rather than expands the items to be searched for during the execution of the warrant.

The list above is adequately referenced in the search warrant by the phrase "based upon the sworn affidavit and application of issuance of a search warrant of Jeffrey Gassaway dated the 20 date [sic] of November, 2014." Exhibit 2. The inclusion of the address in the format of the search warrant as the item to be searched for can best be described as a minor, unintentional drafting oversight unnoticed by either the drafting officer or the issuing judge. **See Hamilton**, 591 F.3d at 1029.

The court does not find that Officer Gassaway's mistake was substantial or deliberate warranting the application of the exclusionary rule. The search and seizure of items were reasonable under the scope of the Fourth Amendment. Davis' motion to suppress should be denied.

## ORDER

Davis' request for a *Franks* hearing is denied for the reasons stated on the record during the hearing on December 15, 2015 (TR. 16).

**IT IS RECOMMENDED TO SENIOR JUDGE LYLE E. STROM that:**

Edward Davis' motion to suppress (Filing No. 67) be denied.

## ADMONITION

Pursuant to NECrimR 59.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 4th day of March, 2016.

BY THE COURT:

 s/ Thomas D. Thalken
 United States Magistrate Judge